## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

FRANK SIVORI                                                              PLAINTIFF

v.                                                                   No. 4:10CV8-P-A

EMMITT SPARKMAN, ET AL.                                            DEFENDANTS

## REPORT AND RECOMMENDATION

On May 11, 2010, plaintiff Frank Sivori, an inmate in the custody of the Mississippi State

Penitentiary with inmate number 35659, appeared for a hearing as set forth in *Spears v.*

*McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for

his claim filed under 42 U.S.C. § 1983.  A plaintiff's claim will be dismissed if "it lacks an

arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that

does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted).  The Prison

Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed

this lawsuit.[1]

### The Plaintiff's Claims

The plaintiff claims that:  (1) the defendants violated his right to due process by changing

his custody classification from B-Custody to the more restrictive C-custody without a hearing,

which resulted in his transfer to Unit 32 at the Mississippi State Penitentiary; (2) the defendants

have denied Sivori access to the courts by sporadically providing legal services he has requested,

including cases, statutes and postage for legal mail; (3) the defendants have periodically denied

the plaintiff, who has hepatitis C, proper medical care by failing to provide an "acute hep." diet;

---

[1]28 U.S.C. § 1915(g).

and (4) the defendants have violated his right to free exercise of his religion[2] by denying his

requests for Kosher meals – and by confiscating a "kippah" sent to him in the mail.[3]

## Defendants Voluntarily Dismissed

The plaintiff voluntarily dismissed the following defendants during the *Spears* hearing:

Darlester Foster, Brenda Gibson, Connie Pierce Smith, and Officer Collins. All of the plaintiff's

claims against these defendants will be dismissed.

## Denial of Access to the Courts

Sivori argues that David Petrie (with the Inmate Legal Assistance Program) and Karen

Cummins interfered with his access to the courts by only sporadically providing legal services he

has requested, including cases, statutes and postage for legal mail. Under the Supreme Court's

decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of

access to courts, including having the "ability . . . to prepare and transmit a necessary legal

document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting *Brewer v.

Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994)). The right of

access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims

challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322,

325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay,

may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir.

1999) (citations omitted). However, "[a] denial-of-access-to-the-courts claim is not valid if a

litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d

---

[2]The plaintiff is a member of the "house of Yahweh."

[3]A "kippah" is a thin, rounded skullcap – also called a yarmulke.

273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,*

504 U.S. 988 (1992) (citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988)).  It is

only when a prisoner suffers some sort of actual prejudice or detriment because of the alleged

denial of access to the courts that the allegation becomes one of a constitutional nature.  *Walker*

*v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639,

642 (7th Cir. 1987).  A plaintiff must show real detriment, *i.e.*, true denial of access, such as the

loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial

delay in obtaining a judicial determination in a proceeding.  *Oaks v. Wainwright*, 430 F.2d 241

(5th Cir. 1970).  As Sivori has not alleged that his legal position has been compromised in any

case, his claims against David Petrie and Karen Cummins for denial of access to the courts

should be dismissed for failure to state a constitutional claim.

### Claims Against Deputy Warden Emmitt L. Sparkman
### and Superintendent Lawrence Kelly

Sivori claims that he sent "informal letters" to defendants Sparkman and Kelly regarding

the various claims set forth in his complaint.  Sivori complains that these defendants, rather than

investigating and resolving the issues set forth in his letters, treated the letters as formal

grievances and forwarded them to the Administrative Remedy Program for resolution.  This

allegation fails to state a proper claim for relief under 42 U.S.C. § 1983.  The Superintendent of

the Mississippi State Penitentiary is charged with the safety, security, and orderly administration

of the largest penal facility in the state, and the Deputy Warden assists the Superintendent with

the discharge of that responsibility.  The men holding these positions cannot personally respond

to the individual grievances of each one of the thousands of inmates within the Mississippi State

Penitentiary.  This court, with the cooperation of the Mississippi Department of Corrections,

created the Administrative Remedy Program to provide for the orderly handling of the many grievances throughout the penal system in the State of Mississippi. Defendants Kelly and Sparkman referred Sivori's letters to the Administrative Remedy Program for resolution. This decision was both appropriate and within the bound of the Constitution. As such, the plaintiff's claims against defendants Kelly and Sparkman should be dismissed for failure to state a claim upon which relief could be granted.

## Due Process Claim Against Case Manager Janice Guest

Sivori claims that at a classification hearing held on April 9, 2009, defendant Janice Guest reduced his custody classification from B to C – and that Sivori was not present at the hearing. This allegation also fails to state a claim upon which relief could be granted. Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). Sivori has not alleged any extreme circumstances regarding his classification; as such, his claim regarding reclassification without a hearing should be dismissed for failure to state a claim upon which relief could be granted.

**Claims Which Should Proceed**

The plaintiff's claims against Pamela Lee, the Food Service Supervisor, the Dietician,

Captain Morris, Lieutenant Jones, Lieutenant King for failure to provide either a Kosher diet or a

diet for acute hepatitis will proceed.[4]  Further, the plaintiff's claims against Dr. Johnson for

discontinuing Sivori's diet to treat hepatitis C will proceed.  Likewise, the plaintiff's claims

against Warden Davenport for retaliating against Sivori for filing grievances about receiving

inappropriate diet trays will proceed.  Finally, the plaintiff's claims against members of the

Postal Inspection Department for blocking the plaintiff's attempt to receive a kippah to worship

in accordance with the House of Yahweh will proceed, as well.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations

are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).  Objections must be in writing

and must be filed within fourteen (14) days of this date, and "a party's failure to file written

objections to the findings, conclusions, and recommendation in a magistrate judge's report and

recommendation within [14] days after being served with a copy shall bar that party, except on

grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court . . . ."  *Douglass v. United Services Automobile*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted); *see also United States*

*v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115

S.Ct. 1163, 130 L. Ed. 1119 (1995).

---

[4]It is unclear whether the Kosher diet and the acute hepatitis C diet are compatible.
Should the diets be incompatible, Sivori testified that he would prefer the Kosher diet.

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 13th day of May, 2010.

/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE