IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**FRANK SIVORI**                                                                                                            **PLAINTIFF**

v.                                                                                No. 4:10CV8-MPM-JMV

**DEPUTY COMMISSIONER EMMITT
SPARKMAN, ET AL.**                                                         **DEFENDANTS**

**Consolidated With**

**FRANK SIVORI**                                                                                                         **PLAINTIFF**

v.                                                                             No. 4:16CV74-MPM-JMV

**DEPUTY COMMISSIONER EMMITT
SPARKMAN, ET AL.**                                                         **DEFENDANTS**

**ORDER *DENYING* PLAINTIFF'S MOTIONS [113], [116], [122]
FOR INJUNCTIVE RELIEF; *DENYING* PLAINTIFF'S MOTION [114]
FOR RELIEF FROM JUDGMENT; *DISMISSING AS MOOT* PLAINTIFF'S
MOTION [115] TO EXPEDITE RULING**

      This matter comes before the court on the plaintiff's motions [113], [116], [122] for injunctive relief regarding provision of his special diet, the plaintiff's motion [114] for relief from judgment, and the plaintiff's motion [115] to expedite ruling. For the reasons set forth below, the plaintiff's motions [113], [116], [122] for injunctive relief will be denied. In addition, his motion [114] for relief from judgment will be denied, and his motion [115] to expedite ruling on this motion will be dismissed as moot.

**Motions [113], [116], [122] for Injunctive Relief and
Motion [114] for Relief from Judgment**

      In his various motions [113], [116], [122] for injunctive relief, Mr. Sivori seeks one remedy: enforcement of the settlement agreements in this case by requiring the defendants to provide him with

his religious diet. Indeed, he seeks the same relief in his Motion [114] for Relief from Judgment. As discussed below, the court does not have the power to grant that relief in this case.

### Under the Prison Litigation Reform Act, the Court Does Not Have the Power to Enforce the Settlement Agreements in This Case

Neither of the settlement agreements in this consolidated case constitute a consent decree under the PLRA, as there has been no admission or court ruling in either agreement that the defendants violated the Constitution; as such, the court does not have the power to enforce the settlement agreements. Under the PLRA, a consent decree is "any relief entered by the court that is based in whole or in part upon the consent or acquiescence of the parties *but does not include private settlements.*" 18 U.S.C. § 3626(g)(1) (2000) (emphasis added). A federal court may only order prospective relief in any prison conditions civil action if the relief "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A) (2000). *Such prospective relief requires the court to find that a defendant violated a federal right*. The Honorable Harold Baer, Jr., Arminda Bepko, *A Necessary and Proper Role for Federal Courts in Prison Reform: The Benjamin v. Malcolm Consent Decrees*, 52 N.Y.L. Sch. L. Rev. 3, 52 (2008). Nowhere in either agreement do the defendants admit liability for constitutional violations, nor has the court found such liability. Thus, neither agreement constitutes a "consent decree" under the PLRA; instead, they are merely private settlement agreements between the parties.

The Prison Litigation Reform Act also sets forth the framework for considering private settlements:

> (A) Nothing in this section shall preclude parties from entering into a *private settlement agreement* that does not comply with the limitations on relief set forth in

>subsection (a), *if the terms of that agreement are not subject to court enforcement **other than the reinstatement of the civil proceeding that the agreement settled***.
>
>(B) Nothing in this section shall preclude any party claiming that a private settlement agreement has been breached from seeking in State court any remedy available under State law.

18 U.S.C. § 3626(c)(2) (2000) (emphasis added). As the terms of the dismissals in the underlying cases rise only to the level of private settlement agreements, under the PLRA, the only relief available to Mr. Sivori is reinstatement of the underlying consolidated case as set forth in 18 U.S.C. § 3626(c)(2).

### Two Paths Forward

Thus, there are only two paths Mr. Sivori may take: (1) continue working with MDOC under the settlement agreements to obtain his religious diet, or (2) void the settlement agreements and request reinstatement of this case. Mr. Sivori could now argue that the defendants have violated the terms of the settlement agreements in the consolidated cases and seek reinstatement of this case. If he chooses that path, then the case will be reopened and a scheduling order entered to move litigation forward. In addition, the settlement agreements would become null and void.

The ultimate resolution of the issues in this case through litigation is, however, unknown. If Mr. Sivori were to prevail, then he would obtain some form of relief, which could be more – or less – favorable than that found in the settlement agreements. On the other hand, if the defendants prevail, then Mr. Sivori would find himself in a worse position than he currently faces. He would have no settlement agreement – and no judgment in his favor. Again, the court has no view on the merits of either party's arguments – and thus does not know what the ultimate outcome might be. The court would simply like the parties to understand the various paths currently available in this case.

The defendants concede that changing to a different food service provider temporarily disrupted Mr. Sivori's religious diet, though Mr. Sivori contends that, even now, he sporadically

receives only part of that diet. If the parties are agreeable, the court suggests a face-to-face meeting between Mr. Sivori and counsel for MDOC to see if they can come to a mutual agreement – and ensure that Mr. Sivori receives his religious diet on a continuing basis.

## Conclusion

For the reasons set forth above, Mr. Sivori's motions [113], [116], [122] for injunctive relief (which seek a remedy beyond the power of the court to provide) are **DENIED**. In addition, Mr. Sivori's motion [114] for relief from judgment (which seeks the same remedy) is **DENIED**. In light of these rulings, the plaintiff's motion [115] to expedite a ruling on these motions is **DISMISSED** as moot.

**SO ORDERED**, this, the 26th day of May, 2021.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI